IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KAREN J. STEWART, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 12 C 5328 |
| v. | ) | |
| | ) | Magistrate Judge |
| CATERPILLAR, INC., | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Caterpillar, Inc.'s Motion to Dismiss Count I of Plaintiff's complaint [Doc. No. 12].[1] For the reasons that follow, Defendant's motion is granted.

# BACKGROUND

Plaintiff's complaint alleges that in 2005, a Judgment for Dissolution of Marriage was granted for her and her former husband, a Caterpillar employee. (Compl. ¶¶ 1-2.) The judgment stated that Plaintiff had the right to file a qualified domestic relations order in her former husband's pension benefit plan with Caterpillar, and her interest in the pension was fifty percent accrued during the marriage. (Compl. ¶ 3.) On March 24, 2006, the Amended Qualified Domestic Relations Order ("QDRO") was filed in state court and later sent to Caterpillar for

---

[1] The motion also sought to dismiss state law claims in Counts II-IV as preempted. In her response, Plaintiff voluntarily dismissed those claims pursuant to Federal Rule of Civil Procedure 41(a). (Pl.'s Resp. at 4.)

its review and approval. Caterpillar approved the filed Amended QDRO on May 10, 2006. (Compl. ¶¶ 5-8.)

Caterpillar sent Plaintiff correspondence on May 16, 2006, providing her with information including a pension calculation statement to assist her in filling out a Pension Election Confirmation Statement and Pension Election Authorization Form. (Compl. ¶ 8 & Ex. D.) On June 1, 2006, Caterpillar sent Plaintiff a letter asking her to sign, date, and return an enclosed Pension Plan Pension Election Authorization Form. The form stated that Plaintiff was to receive the Single Life Annuity payable over her lifetime, which would pay $717.27 per month; and the Additional Early Retirement Allowance payable to the participant's age 62, which would pay $507.90 per month. Both payments were to begin on June 1, 2006. Plaintiff signed and returned the form on June 2, 2006 and began receiving monthly benefits in the amount of $1,225.17. (Compl. ¶¶ 9-10 & Ex. E.)

On October 9, 2009, Plaintiff received a Pension Overpayment Notice from Caterpillar stating that the benefits she had been receiving were overstated by $1,058.32 per month. The original benefit amount was calculated using an incorrect actuarial reduction factor for early commencement of the benefit, and she also was not eligible for the Additional Early Retirement Allowance. The notice stated that she had been overpaid a total of $43,391.12, which reflected the difference between the $1,225.17 she had been paid monthly and the correct benefit amount of $166.85 for the period of forty-one months preceding the letter. (Compl. ¶ 11 & Ex. F.) Caterpillar gave Plaintiff the option to repay the amount in full by December 1,

2009 or alternatively, to repay $83.43 per month from her monthly pension payment from January 1, 2010 through April 1, 2053 and a final repayment of $7.52 on May 1, 2053. (Compl. ¶ 12 & Ex. F.) Thereafter, Plaintiff filled out a claim form, and her claim was denied on October 26, 2010. (Compl. ¶¶ 13-15.) Plaintiff has exhausted all of her administrative remedies, including an appeal to the Benefit Appeals Committee, which was denied on March 4, 2011. (Compl. ¶ 16-20.)

Plaintiff alleges that Defendant's actions constituted a breach of fiduciary duty in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104.[2] She alleges that she is an alternate payee in the Plan of which Caterpillar is the administrator, and therefore Caterpillar owes her fiduciary duty. (Compl. ¶¶ 27-29.) Plaintiff alleges that Caterpillar made affirmative misrepresentations by incorrectly calculating her potential benefit. (Compl. ¶¶ 30-31.) She further alleges that the misrepresentations were material, she reasonably and foreseeably relied on them when making her pension election, and she has been damaged as a result of the misrepresentation. (Compl. ¶¶ 32-38.)

## DISCUSSION

Defendant's motion argues that Plaintiff's claim is barred by the statute of limitations as a matter of law and should be dismissed pursuant to Federal Rule of

---

[2] The ERISA section governing Fiduciary Duties provides: "[A] fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries . . .with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims . . . ." 29 U.S.C. § 1104(a).

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3] The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of a complaint, not to decide the merits of a case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 12(b)(6) requires a court to accept all of the plaintiff's well-pleaded facts as true as well as reasonable inferences drawn therefrom. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). A plaintiff must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to defeat a motion to dismiss. Fed. R. Civ. P. 8(a)(2); *see Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must also "suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555). Dismissal is proper when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Motions to dismiss based upon affirmative defenses such as the statute of limitations are generally disfavored; however, "when all relevant facts are presented, the court may properly dismiss the case before discovery . . . on the basis

---

[3] Although the motion is brought pursuant to Rule 12(b)(6), the proper basis for the motion is Rule 12(c) (Motion for Judgment on the Pleadings), because the statute of limitations is "an affirmative defense external to the complaint." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 & n.1 (7th Cir. 2012). The misstatement of the proper rule is not fatal, however, as "district courts have granted Rule 12(b)(6) motions on the basis of affirmative defenses and [the Seventh Circuit] has affirmed those dismissals." *Id.*; *see Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (noting that the practical effect of a Rule 12(b)(6) and a Rule 12(c) motion is the same).

of an affirmative defense." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012); *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'").

In this case, Defendant argues that Plaintiff's complaint pleads all facts necessary to establish that her claim is time-barred. Pursuant to 29 U.S.C. § 1113:

> No action may be commenced under this subchapter [which includes 29 U.S.C. § 1104] with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after **the earlier of** –
>
> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Defendant argues that the six-year limitations period described in 29 U.S.C. § 1113(1) began to run at the latest on June 2, 2006, the date Plaintiff signed and returned the election form that she alleges was filled out in reliance on Defendant's misrepresentations. The three-year period described in 29 U.S.C. § 1113(2) began to run at the latest on October 9, 2009, the date Plaintiff alleges she received notice of

the overpayment of benefits and Caterpillar's earlier calculation errors, *i.e.*, the alleged misrepresentations.[4] Defendant's motion contends that the earlier of the two potential limitations periods expired on June 2, 2012, and therefore Plaintiff's complaint, which was filed on July 6, 2012, must be dismissed as time-barred.

In response, Plaintiff cites to several cases holding that a claim to recover benefits does not accrue until the claim is denied. Because the repudiation of rights under the Plan (the notice of overpayment) occurred on October 9, 2009, the complaint was filed within the six-year statute of limitations period even if her pursuit of administrative remedies does not equitably toll the limitations period. But the cases cited by Plaintiff were brought under 29 U.S.C. § 1132(a)(1), which relates to the right of a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).[5] Plaintiff did not bring her suit under this section, and no facts in the complaint could make out a plausible claim to enforce rights under the Plan.

---

[4] Plaintiff does not alleged fraud or concealment, nor does she allege any omissions.

[5] Plaintiff suggests that a six-year statute of limitations period, accruing on October 9, 2009, should apply to cases when a claim for benefits is denied. But ERISA provides no statute of limitations for actions brought under 29 U.S.C. § 1132; therefore, the most analogous state statute of limitations applies. *See Young v. Verizon's Bell Atl. Cash Balance Plan*, 615 F.3d 808, 815-16 (7th Cir. 2010); *Daill v. Sheet Metal Workers' Local 73 Pen. Fund*, 100 F.3d 62, 65 (7th Cir. 1996). The Seventh Circuit has held that the most analogous statute of limitations for cases brought under this section is the period for actions relating to written contracts, which is 10 years in Illinois. *See Daill*, 100 F.3d at 65; *see also Young*, 615 F.3d at 816 (applying Pennsylvania's four-year breach of contract statute of limitations).

6

Plaintiff does not allege that she is legally owed benefits under the terms of her ex-husband's Plan; rather, she claims that she relied on Caterpillar's representations regarding the value of the pension benefit, and that those representations were false. Plaintiff's discussion of 29 U.S.C. § 1132 is therefore irrelevant to her claim.

Plaintiff's complaint alleges only facts supporting a breach of fiduciary claim under 29 U.S.C. § 1104. The statute of limitations period therefore began to run on "the date of the last action which constituted a part of the breach or violation." 29 U.S.C. § 1113(1). The complaint (and supporting exhibits)[6] foreclose the possibility that Plaintiff could prove any set of facts that would defeat the affirmative defense of statute of limitations and entitle her to relief. According to the complaint, Caterpillar's breach of fiduciary duty consisted solely of material misrepresentations upon which Plaintiff relied in making her pension election. The misrepresentations (incorrect pension calculations) were communicated to Plaintiff on June 1, 2006. At the very latest, any breach or violation of fiduciary duty was completed on June 2, 2006, when Plaintiff signed and returned her election form in alleged reliance on the misrepresentation. Plaintiff alleges no set of facts that would delay the accrual of her claim to July 2006. Because Plaintiff has pleaded all the facts necessary to demonstrate that her claim is barred by the statute of limitations, Count I must be dismissed with prejudice.

---

[6] A court "may consider documents attached to or referenced in the pleading if they are central to the claim" in deciding a motion to dismiss. *Citadel Group Ltd. v. Wash. Reg. Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. No. 12] is granted, and the complaint is dismissed with prejudice. Civil case terminated.

**SO ORDERED.**                    **ENTERED:**

**DATE:  November 30, 2012**       _____
                                    **HON. MARIA VALDEZ**
                                    **United States Magistrate Judge**