IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAREN J. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | Magistrate Judge Valdez |
| | ) | |
| v. | ) | Case No. 12-cv-05328 |
| | ) | |
| CATERPILLAR INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### RESPONSE TO MOTION TO REOPEN CASE AND TO CORRECT/AMEND THE COMPLAINT

Defendant, Caterpillar Inc. ("Caterpillar"), by and through its attorneys and pursuant to the Court's minute order dated December 5, 2013, ECF No. 35, submits this response to plaintiff's motion to reopen case and to correct/amend the Complaint.

### PROCEDURAL HISTORY

There already has been a full and fair litigation of this action, both in this Court and on appeal before the Court of Appeals for the Seventh Circuit.

**A. The Allegations in the Complaint**

This action was commenced on July 6, 2012. ECF No. 1.[1] Plaintiff Karen Stewart and Caterpillar employee James Stewart divorced in 2005. ECF No. 1 ¶¶ 1, 2; Ex. A. At the time of the divorce, plaintiff participated in the Caterpillar Inc. Non-Contributory Pension Plan (the "Plan"). *Id.* ¶ 2. Caterpillar is Plan Administrator of the Plan. *Id.* ¶ 28. The Plan and its administration are regulated by ERISA. *Id.* Count I.

---

[1] On August 24, 2012, the parties consented to the exercise of jurisdiction by Judge Valdez. ECF No. 9.

The Judgment for Dissolution of Marriage entered in plaintiff's divorce proceeding specified that plaintiff "shall have the right to file a qualified domestic relations order [QDRO] in the Husband's defined pension benefit plan with Caterpillar, Inc., and her marital interest is found to be FIFTY PERCENT (50%) accrued during the marriage." *Id.* Ex. A ¶ 11. In correspondence dated May 10, 2006, Caterpillar confirmed that the order submitted to the Plan Administrator constituted a QDRO as defined by the ERISA, and stated that the Plan would award plaintiff a portion of Mr. Stewart's pension benefit pursuant to the QDRO. *Id.* Ex. B ¶ 7; Ex. C.

On October 9, 2009, Caterpillar sent a letter to plaintiff stating that there had been an error in the administration of her QDRO and, as a result, her monthly benefit had been overstated by $1,058.32 per month, for a total of $43,391.12 in overpayments as of the date of the letter. *Id.* Ex. F. Caterpillar offered a gradual repayment option by which plaintiff could repay $83.43 per month through 2053. *Id.*

Through her attorney, plaintiff sent a letter to the recordkeeper contesting the reduction in her pension benefits. *Id.* Ex. G. In response, the recordkeeper sent her a "Caterpillar Claim Initiation Form" which informed plaintiff that "[t]o make an official claim under Caterpillar 'claims procedures,' as defined under Section 503 of ERISA (Employee Retirement Income Security Act)," she must complete and return the Claim Initiation Form to the Caterpillar Benefits Analyst. *Id.* Ex. H. Plaintiff completed and submitted the form, stating that her claim "relate[d] to" the Caterpillar Inc. Non-Contributory Pension Plan, and that "the Plan has miscalculated her benefits and that she is eligible to continue to receive the contractual benefits she agreed upon in June 2006." *Id.*

Caterpillar denied plaintiff's claim, explaining that it was required under ERISA to administer the plan "in accordance with the documents and instruments governing the plan." *Id.* Ex. I. Plaintiff appealed the denial pursuant to the Plan's claims procedures. *Id.* Ex. J. The Caterpillar Inc. Benefit Appeals Committee ("Committee") upheld the denial of plaintiff's claim for pension benefits because she was demanding in excess of those provided by Plan terms, explaining that "ERISA prohibits the Plan from paying benefits in excess of the actual amount of benefits earned by and payable to a participant (or alternate payee) as determined under the terms of the governing plan documents." *Id.* Ex. M.

Plaintiff then commenced this four-count action. Count I arose under 29 U.S.C. Section 1132(a)(3), and was for breach of fiduciary duty under ERISA. Plaintiff alleged that Caterpillar, in its fiduciary capacity as Plan Administrator, made material affirmative misrepresentations to plaintiff in an alleged agreement dated June 2, 2006, and that she relied upon the misrepresentations. *Id.* ¶¶ 28, 29, 31, 32; Count I. Prayer for Relief ¶ A.

Plaintiff also asserted three claims purporting to arise under Illinois state law, including Count II, a claim for breach of contract (*i.e.*, the Plan). Her Count II claim concluded by alleging "[t]hat Defendant, CATERPILLAR, breached the contract [*i.e.*, Plan] when they failed to pay her benefits of $1,225.17 monthly as stated in their agreement." *Id.* ¶ 47.[2]

As relief under the Complaint, plaintiff asked that pension benefits continue to be paid in the original amount paid to her under the Plan, that she be indemnified for any

---

[2] Count II purported to arise under state law, causing defendant to move to dismiss on ERISA preemption grounds. *See* ECF No. 13. Plaintiff makes the precisely same claim now, but asserts that the claim arises under ERISA and not state law. What has changed only is the "form," and not the substance, of Count II, as plaintiff herself acknowledges. *See* ECF No. 33 (hereafter "Pl. Mem.") at 4; *see also id*. at 13 (Count II was "merely" deficient in form).

overpayments, that she be awarded "back payments" in pension benefits, and that she receive interest and attorney's fees. *See id.* ¶¶ 39, 48, 54; Prayer for Relief ¶¶ A, B, C, D, E.

### B. The Motion to Dismiss Proceedings

On September 6, 2012, Caterpillar moved to dismiss the Complaint in its entirety. ECF No. 12. In response and on October 16, 2012, plaintiff voluntarily dismissed Counts II through IV, including her Count II claim for additional benefits in accordance with her reading of Plan terms.

### C. The Court's Ruling

On November 30, 2012, the Court granted Caterpillar's motion to dismiss, finding that the Complaint was barred by the applicable statute of limitations. ECF No. 20. On December 3, 2012, the Court entered this final judgment: "IT IS HEREBY ORDERED AND ADJUDGED that Defendant's Motion to Dismiss for failure to state a claim is granted, and the complaint is dismissed with prejudice." ECF No. 21.

### D. The Appellate Proceedings

On January 2, 2013, plaintiff filed a timely notice of appeal from the final judgment. ECF No. 22. On September 20, 2013, with new counsel, plaintiff voluntarily dismissed her appeal. ECF No. 30.

### E. The Post-Appellate Proceedings

Plaintiff now moves with her new counsel under Fed. R. Civ. P. 60(b) to vacate the final judgment and allow the filing of an amended complaint under Fed. R. Civ. P. 15. ECF No. 32.

## ARGUMENT

### I. RELIEF IS ALLOWED UNDER RULE 60(b) ONLY IN THE MOST EXTRAORDINARY OF CIRCUMSTANCES

Missing from plaintiff's memorandum is any recognition of just how severe a burden she must satisfy in order to obtain Rule 60(b) relief. As the Seventh Circuit has stated, it is well established "that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Exceptional circumstances have not been shown by plaintiff in this action.

### II. PLAINTIFF HAS FAILED TO SHOW ENTITLEMENT TO EXTRAORDINARY RULE 60(b) RELIEF

Plaintiff requests Rule 60(b) relief in order to afford her an "opportunity to address the merits of Plaintiff's rights to benefits under the terms of the pension plan," ECF No. 33 at 2, notwithstanding her voluntary dismissal of her Count II claim for additional benefits under the Plan, ECF No. 16. To justify such extraordinary relief under Rule 60(b), plaintiff argues that (1) the Court erred in stating that no facts in the complaint could state a plausible claim for benefits due, (2) her first lawyer committed "excusable neglect" by voluntarily dismissing Count II, and (3) plaintiff otherwise is unable to obtain a ruling on the merits of Count II. ECF No. 33 at 5-6.

Arguments just like those of the plaintiff have been rejected by the Seventh Circuit. In *Moore v. Cingular Wireless Corp.*, 207 Fed. Appx. 717, 2006 WL 3539224 (7th Cir. Dec. 8, 2006), the plaintiff attempted to use Rule 60(b) to attack the district court's legal reasoning in granting a motion for summary judgment in favor of the defendant. The Seventh Circuit squarely rejected that tactic:

5

> Moore's 60(b) motion primarily attacked the district court's legal reasoning in granting summary judgment, but such arguments should be raised on direct appeal, not in a Rule 60(b) motion. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("The ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal."); *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) ("Rule 60(b) . . . is not an appropriate vehicle for addressing simple legal error; otherwise, a party could circumvent the ordinary time limitations for filing a notice of appeal.")

*Moore*, 207 Fed. Appx. at 718-19.

In the same way, plaintiff cannot now argue that the Court made a mistake in granting defendant's motion to dismiss.[3]

*Moore* also rejected a claim of attorney "excusable neglect." In *Moore*, plaintiff's counsel neglected to submit statements of facts in opposition to summary judgment. The Seventh Circuit stated that "attorney inattentiveness to litigation is not excusable." 207 Fed. Appx. at 719. The Seventh Circuit has also stated that "neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). In the same vein, "a client is bound by his chosen agent's deeds, whether it be negligence, gross negligence, or even wilful conduct." *U.S. v. 8136 S. Dobson St., Chicago, IL*, 125 F.3d 1076, 1084 (7th Cir. 1997). It may be true that plaintiff's original attorney erred by not labelling Count II in the

---

[3] The Court, in any event, made no mistake. Plaintiff argues that the Court was wrong to state: "Plaintiff did not bring her suit under this section [29 U.S.C. § 1132(a)(1)(B)], and no facts in the complaint could make out a plausible claim to enforce rights under the Plan." ECF No.20 at 6; *accord* Pl. Mem. at 6 (paraphrasing ECF No. 20 at 6). It is true that plaintiff's Count II, in form, did not arise under § 1132(a)(1)(B) and that the allegations in that Count alleged a claim to enforce Plan rights that was not "plausible." Plaintiff's related reliance on *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454 (7th Cir. 1998) is misplaced. That case did not arise under Rule 60(b) and does not hold that complaint exhibits control over a voluntary dismissal of a count in the complaint for purposes of resolving a motion to dismiss.

Complaint as arising under §1132(a)(1)(B) and in voluntarily dismissing that Count, but any such error is of no import under Rule 60(b).[4]

The only case on which plaintiff relies to show excusable neglect is *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380 (1993). *Pioneer* arose under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. *Pioneer* also addressed whether a "dramatically" ambiguous notice to bankruptcy creditors of a claim bar date, prior to a final judgment, should bar a creditor's attorney's late filing of a proof of claim. *Id*. at 398.

Here, plaintiff's motion to reopen arises under Fed. R. Civ. P. 60(b), not Fed. R. Bank. P. 9006(b)(1). Plaintiff's motion does not assert as justification any Court-ordered notice, and plaintiff, unlike the creditor in *Pioneer*, seeks to vacate a *final judgment*.[5]

Plaintiff's related argument that defendant has suffered no prejudice, Pl. Mem at 8, could not be farther from the truth. Defendant has been forced to defend an ungrounded Rule 60(b) motion, thus expending its resources on legal fees. Indeed, the prejudice is not

---

[4] As noted, plaintiff's Rule 60(b) motion attacks the final judgment of the Court, but focuses on the voluntary dismissal of Count II by plaintiff's original counsel. That dismissal occurred on October 4, 2012. ECF No. 16. Fed. R. Civ. P. 60(c)(1) requires all Rule 60(b) motions alleging excusable neglect to be presented "no more than one year after the . . . date of the proceeding." Plaintiff filed her Rule 60(b) motion more than one year after her voluntary dismissal of Count II, and her excusable neglect argument is time-barred in addition to being unfounded on its merits.

[5] Rule 60(b) relief is extraordinary because of the powerful *res judicata* force of final judgments in the law that resolve forever all claims that were decided as well as all claims (like plaintiff's newly formatted Count II), that *could have been* decided, prior to the entry of final judgment. *Aaron v. Mahl*, 550 F.3d 659, 664 (7th Cir. 2008); *see also Walczak v. Chicago Bd. of Educ.*, No. 12–2808, 2014 WL 92234, at *1 (7th Cir. Jan. 10, 2014) (dismissing as precluded federal discrimination claim that could have been brought in preceding state court action). *Res judicata* even bars relitigation of a claim dismissed without prejudice prior to a final judgment, if the claim arises out of the same facts that previously were at issue. *Muhammad v. Oliver*, 547 F.3d 874, 878-79 (7th Cir. 2008); *Tartt v. Northwest Community Hospital*, 453 F.3d 817, 822-23 (7th Cir. 2006).

limited to the defendant -- this Court also is forced to expend limited resources on a case that is ended (after an appeal, no less).

Lastly, plaintiff argues that Rule 60(b) relief is justified under the 60(b)(6) "catch all" provision because she otherwise will not receive a decision on the merits on her Count II claim. Pl. Mem. at 10-13. This argument, if accepted, would insulate *any* tactical claim dismissal from a subsequent final judgment. The Seventh Circuit has stated that plaintiff's reading of Rule 60(b)(6) is not the law:

> Rule 60(b)(6) provides for relief from judgment for "any other reason justifying relief from the operation of the judgment." In a rule already limited in application to extraordinary circumstances, proper resort to this "catch all" provision is even more highly circumscribed. *Pantoja v. Texas Gas & Transmission Corp.,* 890 F.2d 955, 960 (7th Cir. 1989), *cert. denied,* 497 U.S. 1024, 110 S.Ct. 3272, 111 L.Ed.2d 782 (1990) (Rule 60(b)(6) is to be applied only in "the most extraordinary of circumstances."). Moreover, we have previously explained that "carelessness or a lack of due care on the part of a litigant or [his] attorney does not provide a basis for relief" under Rule 60(b)(6). *Williams v. Hatcher,* 890 F.2d 993, 996 (7th Cir.1989) (quoting *McLaughlin v. Jung,* 859 F.2d 1310, 1312 (7th Cir. 1988)). Failing to raise all available theories below, therefore, does not justify relief under Rule 60(b)(6). *See, e.g., Lee* [*v. Village of River Forest*]*,* 936 F.2d [976] at 979–80 [7th Cir. 1991].

*Provident Savings Bank v. Popovich*, 71 F.3d 696, 700 (7th Cir. 1995). Plaintiff's Rule 60(b)(6) argument is a hindsight rehash of her "excusable neglect" argument, and has no basis in Rule 60 jurisprudence.

None of the other cases on which plaintiff relies for her Rule 60(b)(6) contention actually support her position. *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981 (7th Cir. 1989) provided no Rule 60(b) relief at all. *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96 (4th Cir. 1979) concerned a default judgment and a plain error of law, both of which

conditions are lacking here. *LeBlanc v. Cleveland*, 248 F.3d 95 (2d Cir. 2001) concerned vacating a judgment against a party dropped from the original action in order to assert a new basis for the court's subject matter jurisdiction. No new basis of jurisdiction is asserted here. Plaintiff cannot rely on Rule 60(b) to reopen this action following the Court's final judgment.

### III. THE COURT SHOULD NOT ALLOW ANY RULE 15 RELIEF, BECAUSE PLAINTIFF PREDICATES HER RULE 15 ARGUMENT ON THE COURT'S GRANTING OF RULE 60(b) RELIEF

Plaintiff cannot show any entitlement to extraordinary Rule 60(b) relief. The final judgment in this action thus bars any amendment of the Complaint, and the Court should deny plaintiff's motion for leave to amend under Fed. R. Civ. P. 15. The time for amending the complaint is long since passed.

### CONCLUSION

Defendant has the legal right to expect finality in the adjudication of this action. Plaintiff has shown no extraordinary justification for Rule 60 relief -- her hindsight regret about her litigation strategy prior to the entry of final judgment clearly does not satisfy her burden. The Court should deny plaintiff's motion for Rule 60(b) and Rule 15 relief from the Court's final judgment of December 3, 2012. ECF No. 21.

**DATED:  January 13, 2014**            Respectfully submitted,

                                                    CATERPILLAR INC.


                                                    By:            s/Mark Casciari
                                                            One of Its Attorneys

Mark Casciari (mcasciari@seyfarth.com)
Ada Dolph (adolph@seyfarth.com)
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000 (telephone)
(312) 460-7000 (facsimile)

# CERTIFICATE OF SERVICE

I, Mark Casciari, an attorney for Defendant Caterpillar Inc., certify that I caused to be served upon plaintiff a copy of the foregoing RESPONSE TO MOTION TO REOPEN CASE AND TO CORRECT/AMEND THE COMPLAINT by this Court's electronic court filing (ECF) system on this 13th day of January, 2014:

> Michael Bartolic
> Law Offices of Michael Bartolic LLC
> 29 S. LaSalle Street
> Suite 1120
> Chicago, Illinois 60603
>
> *Counsel for Plaintiff*

                                                      s/Mark Casciari
                                                        Mark Casciari