**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAREN J. STEWART, ) | Case No. 12-cv-5328 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Magistrate Judge Maria Valdez |
| ) | |
| CATERPILLAR, INC., ) | |
| ) | |
| Defendant. ) | |

## REPLY IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR RELIEF FROM FINAL JUDGMENT AND TO AMEND THE COMPLAINT

### INTRODUCTION

Plaintiff, Karen Stewart ("Stewart" or "Plaintiff"), by her attorneys, THE LAW OFFICES OF MICHAEL BARTOLIC, LLC, replies in support of her Motion for Relief from a Final Order or Judgment, and Motion to Amend the Complaint to seek relief from the Caterpillar, Inc. Non-Contributory Pension Plan ("the Plan") for pension benefits due under 29 U.S.C. § 1132(a)(1)(B). The briefing of this motion could not be more ironic, as Caterpillar, Inc. ("Caterpillar") opposes the motion to sue a different party under a different claim arguing it's too late, and the only reason this dispute arose in the first place was because the Plan drastically reduced Plaintiff's pension payment her pension due to its own alleged "mistake" in calculating that pension more than three years earlier.

With one stroke of a pen in 2009, the Plan slashed Plaintiff's 30.75 years of retirement planning and her pension benefit from $1225.17 per month to $166.85 per month. As was explained in Plaintiff's motion and the proposed amended complaint attached thereto, the Plan

did this by lying about the duration of Plaintiff's marriage and her ex-husband's participation in the plan, which were clear from the face of the amended QDRO, applying phantom terms not found in the actual plan document, and arguing a significant portion of the pension benefit was not "accrued", though ERISA dictates it was. This decision essentially made the Plan and Plaintiff's 2006 pension award written in disappearing ink. "As Woody Guthrie sang: 'Some will rob you with a six-gun/And some with a fountain pen.'" *Sullivan v. CUNA Mutual Ins. Society*, 649 F.3d 553, 559 (7th Cir. 2011) (Hamilton, J., dissenting).

"There is no doubt about the centrality of ERISA's object of protecting employees' justified expectations of receiving the benefits their employers promise them." *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 743 (2004). "When Congress enacted ERISA, it 'wanted to . . . make sure that if a worker has been promised a defined pension benefit upon retirement—and if he has fulfilled whatever conditions are required to obtain a vested benefit— he actually will receive it.'" *Lockheed Corp. v. Spink*, 517 U.S. 882, 887 (1996) (quoting *Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 375 (1980)). There is also little doubt that lying to a participant that she was only married 28.75 years, when the QDRO proves it was 30.75, is inconsistent with the Plan Administrator's duty of loyalty in operating the Plan according to its terms under 29 U.S.C. § 401(a)(1)(D). *Varity Corp. v. Howe*, 516 U.S. 489, 506 (1996) ("[L]ying is inconsistent with the duty of loyalty owed by all fiduciaries and codified in [29 U.S.C. § 404(a)(1)] . . . .").

Caterpillar wants finality to the litigation, but Plaintiff's motion does not threaten that finality with respect to Caterpillar. Plaintiff's motion does not seek to disturb any claims dismissed against Caterpillar because the claims she proposes to raise can only be enforced against the Plan, which is a funded trust that is a separate and distinct entity under ERISA, and

was not a named party yet in the litigation. *See* 29 U.S.C. § 1132(d) (stating plans are separate entities); *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911–13 (7th Cir. 2013) (holding § 1132(a)(1)(B) claims for benefits due can only be brought against the plan or a party with the financial obligation to pay the benefits, such as an insurer of an unfunded plan). Caterpillar would not be the party liable for the benefits under the terms of the Plan; only the Plan would be liable. If the sticking point of Caterpillar's opposition is that Caterpillar wants finality, the Court could grant the motion and permit the § 1132(a)(1)(B) claim to proceed solely against the Plan, thus satisfying both Plaintiff and Caterpillar. Before addressing the substance of Caterpillar's arguments, a few clarifications to its representation of facts are in order.

### CLARIFYING CATERPILLAR'S REPRESENTATIONS OF THE PROCEDURAL HISTORY

Caterpillar contends that Plaintiff's voluntary dismissal of her state law breach of contract claim was "in accordance with her reading of the Plan terms." (ECF # 40 at 4). This could not be farther from the truth. Caterpillar's motion to dismiss misrepresented the law in advocating a claim for breach of contract should be dismissed with prejudice because it is preempted by ERISA. (ECF #13 at 10 ("The Seventh Circuit has held that the common law claims of plaintiff are precisely the type of claims that are preempted by ERISA . . . Counts II through IV must be dismissed on ERISA preemption grounds.")); *but see McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 429–30 (7th Cir. 2005) (holding state law breach of contract claims predicated on processing of benefits are preempted by ERISA, but should not be dismissed with prejudice because 29 U.S.C. § 1132(a)(1)(B) furnishes a remedy, regardless of whether the plaintiff asked for that remedy, because plaintiffs are not required to plead legal theories).

Moreover, Plaintiff could not have determined the Plan's terms, because Caterpillar did not supply Plaintiff the Plan document—which is the source of those terms—until August 2013,

3

approximately ten months after Plaintiff's response to the motion to dismiss. (Ex. 1). Caterpillar never made initial disclosures—which are not exempted simply because a party files a motion to dismiss—and the governing terms of the Plan would have been a necessary disclosure.

Finally, Caterpillar contends the Court's November 30, 2012 Order determined "that the Complaint was barred by the applicable statute of limitations." But Caterpillar only argued the statute of limitations barred Plaintiff's claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3), which is not the subject of this Motion. (ECF #13 at 6–7). The Court's opinion similarly limited the statute of limitations analysis to this claim under § 1132(a)(3). Having clarified Caterpillar's misleading recitation of the procedural history, Plaintiff next addresses Caterpillar's legal arguments.

## ARGUMENT

### I. The Court May Grant Relief Under Rule 60(b)(1) for Mistake

Caterpillar incorrectly asserts that the Court may not grant Rule 60(b)(1) relief due to mistake. Citing *Moore v. Cingular Wireless Corp.*, 207 Fed. Appx. 717 (7th Cir. 2006), Caterpillar contends the Court may not grant relief under Rule 60(b)(1) for mistake because Plaintiff's motion attacks the Court's legal reasoning. (ECF #40 at 5–6). But the Seventh Circuit has clarified the sweeping statements made in *Moore*—and its numerous other reported decisions, Shepardization of which would reveal the following. The Seventh Circuit clarified that Rule 60(b)(1) only precludes relief as Caterpillar argues where the movant's purpose for bringing the motion was to circumvent an appeal deadline. *Mendez v. Republic Bank*, 725 F.3d 651, 658 (7th Cir. 2013) (affirming the district court's grant of relief due to mistake where the District Judge mistakenly read Judge Valdez recommendation and report). The Seventh Circuit's broad, sweeping statements, such as those made in *Moore*, were premised on a fear that litigants

would miss a deadline for notice of appeal, and then use Rule 60(b) to circumvent the deadline. *Id.* "Our statements rejecting the use of Rule 60(b) to correct appealable errors have all been motivated by the concern that Rule 60(b) could be used to circumvent the deadlines for filing appeals . . . We have used overly broad language that may be read to foreclose Rule 60(b) relief for any error that could be corrected on appeal, but we have also affirmed the use of Rule 60(b) to correct errors that could have been corrected on appeal when the concern about circumventing the deadline to appeal is absent." *Id.* at 659.

Where a notice of appeal was not docketed, a requirement that a rule 60(b) motion seeking the district court to correct its own error within the time allowed to file a notice of appeal is a "sensible", provided it is flexibly applied. *Id.* at 660. But given Fed. R. App. P. 12.1 and Circuit Rule 57, which permit a remand from the Court of appeals for purposes of granting relief under Fed. R. Civ. P. 60(b), a district court is not precluded from granting such relief if an appeal was docketed, because the concern that a litigant is circumventing the deadline to docket an appeal is absent. *Id.* (affirming Rule 60(b) relief where the party filed a Rule 60(b) motion after docketing an appeal).

Caterpillar makes no argument that Plaintiff is using Rule 60(b) to circumvent appeal deadlines. That is because there is no such concern in this case. As even Caterpillar acknowledges, Plaintiff did file a timely notice of appeal. (ECF #40 at 4; ECF #22). Plaintiff only withdrew the appeal, after filing the timely notice, because reopening the case to allow a new claim against a new party was more appropriately and more efficiently resolved through this motion. Nothing in Seventh Circuit jurisprudence thus requires this Court to deny Plaintiff's Rule 60(b)(1) motion, because she did not try to circumvent any deadline for docketing an appeal.

Caterpillar also argues, in a footnote and with no authority, that the Court made no mistake in dismissing the entire action with prejudice, apparently because the holding of *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449 (7th Cir. 1998), regarding how complaints are to be construed, no longer applies when a Rule 60(b) motion is raised. (ECF #40 at 6 n.3). It is entirely confusing to the undersigned what Caterpillar means. It has cited no authority indicating the law on how complaints should be construed changes when a court reviews a Rule 60(b) motion. From the text of the Court's order (ECF #20 at 6), it appeared the Court intended to address whether any portion of the complaint stated a plausible claim for benefits due under § 1132(a)(1)(B). Plaintiff thoroughly explained in her motion that the exhibits to the complaint demonstrated that plausible claim, and Caterpillar has offered no more than a bald conclusion to the contrary.

## II.     The Court May Grant Rule 60(b)(1) Relief for Excusable Neglect

Caterpillar raises four arguments in urging the Court to deny Plaintiff's Rule 60(b)(1) motion on account of excusable neglect, each of which either mischaracterizes the applicable law or Plaintiff's arguments in her memorandum. First, Caterpillar argues the analysis laid out in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) does not apply because that case analyzed excusable neglect under the bankruptcy code, and not Rule 60(b). (ECF #40 at 7). Caterpillar ignores the Supreme's Court's explicit language holding that "excusable neglect" under the Bankruptcy Code has the same meaning as that term used in the Rule of Civil Procedure, citing Rule 6(b), Rule 13(f), and Rule 60(b)(1). *Id.* at 392–93. Also, any quick Lexis or Westlaw search for Pioneer being cited in Rule 60(b)(1) cases reveals it is the correct analysis for excusable neglect under Rule 60(b)(1). *See, e.g., Mendez*, 725 F.3d at 657 (citing *Pioneer*); *Robb v. Norfolk & W. Ry.*, 122 F.3d 354, 361 (7th Cir. 1997)

(vacating and remanding denial of Rule 60(b)(1) motion where district court did not perform analysis under *Pioneer* factors and wrongly concluded attorney carelessness or negligence automatically precludes "excusable neglect").

The Supreme Court expressly explained that "If a party is partly to blame for the delay, relief must e sought within one year under [Rule 60(b)(1)], and the party's neglect must be excusable." *Pioneer*, 507 U.S. at 393. The Supreme Court explained "neglect" encompasses the range of explanations between being prevented from acting for reasons beyond the party's control, and choosing "to flout a deadline." *Id.* at 387–88. Plaintiff does not contend she was unable to promptly move for relief under Rule 59. But the fact the she timely docketed an appeal, and timely filed this motion indicates she was likewise not "flouting" any deadline or ignoring the case. *See id.*; *Robb*, 122 F.3d at 361 (holding where attorney failed to move for extension of time to file response to motion for summary judgment, but kept working on the case, he was not flouting the deadline or ignoring the case, and whether the negligence is excusable should have been analyzed under *Pioneer*). The Court should therefore follow the *Pioneer* factor-analysis to determine if the neglect was "excusable."

Caterpillar next argues there can never be a finding of "excusable neglect" where there was either ignorance or carelessness on the part of counsel. (ECF #40 at 6). But Pioneer makes clear the only circumstance in which a court need not analyze whether neglect was excusable, is where there was no "neglect," because the conduct amounted to ignoring the case or flouting deadlines. 507 U.S. at 387–88. Moreover, in *Robb*, the Seventh Circuit addressed other post-Pioneer Rule 60(b)(1) decisions that drew the bright line rule Caterpillar argues in favor of, explaining all Article III courts are bound to follow *Pioneer* as precedent, and it controls over contrary Seventh Circuit precedent. 122 F.3d at 361 n.5. Where Seventh Circuit Rule 60(b)(1)

precedent does not cite or address the analysis of Pioneer, it thus provides no guidance. Id. at 361. ("Because these cases are highly fact-specific . . . and because they neither discuss no cite Pioneer, we believe that they cannot assist us in resolving the question before the court . . . ."). Caterpillar does not contend Plaintiff's neglect to not seek immediate Rule 59 relief to amend the complaint constituted an end of the spectrum ignoring the case or flouting deadlines. Accordingly, the Court should rely on *Pioneer*.

Caterpillar's only contest to the application of the Pioneer factors Plaintiff advanced was that Caterpillar is prejudiced. (ECF #40 at 7–8). But the only basis for this purported prejudice Caterpillar cites is its own choice to oppose Plaintiff's Rule 60(b)(1) motion. For starters, Caterpillar was not "forced" to oppose the motion. It chose to do so. Beyond that, the context of Pioneer makes clear the "danger of prejudice" factor looks at the prejudice that would result if the motion were granted, rather than the mere prejudice of opposing the motion before it is granted. In fact, the prejudice factor would be completely meaningless if a party opposing Rule 60(b)(1) relief could establish prejudice through its mere opposition, without any prejudice resulting after a court grants Rule 60(b)(1) relief. Caterpillar offered no further disagreement with Plaintiff as to how the *Pioneer* factors apply in this case. Accordingly, under Plaintiff's proposed analysis under those factors, the Court should grant Plaintiff's motion for excusable neglect.

Finally, Caterpillar wrongly argues Plaintiff filed the Rule 60(b)(1) motion more than one year from the date of the final judgment, order, or proceeding. (ECF #40 at 7n.4). With a straw man argument, Caterpillar characterizes Plaintiff's motion as contending the excusable neglect was voluntarily withdrawing her state law legal theories, rather than what she actually argued, that the neglect was in not seeking leave to amend the complaint or filing a prompt Rule 59

motion, so she could proceed with a claim for benefits against the Plan. Caterpillar also seems to imply, with no authority, that voluntarily withdrawing some, but not all, theories of relief were the operative "final judgment, order, or proceeding." Caterpillar's argument has no basis in either the text of Rule 60(b), and interpreting comments, or case law.

Rule 60(b) concerns relief from a "final judgment, order, or proceeding." As the Advisory Committee made clear following the 1946 amendments to the rule, "[t]he addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed. R. Civ. P. 60 Adv. Comm. Notes. "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to e whether the judgment is sufficiently 'final' to be appealed . . . Rule 60(b) does not govern relief from interlocutory orders, that is to say any orders in which there is something left for the court to decide after issuing the order." 12-60 MOORE'S FED. PRACTICE - CIVIL § 60.23.

It is true that voluntarily dismissing an "action" against a party, via notice or a motion, constitutes a "final" order, judgment or proceeding without any further court order because it is self executing. *See Edwards-Brown v. Crete-Monee 201-U School Dist.*, 491 Fed. Appx. 744, 746 (7th Cir. 2012) (holding voluntary dismissal of the entire action against a party under Rule 41(a) constituted the "final" judgment because there was nothing left for the court to do, and a Rule 60(b)(1) motion filed more than one year after the voluntary dismissal of action was time barred). But that principle only applies where the "action" is dismissed, not where some, but not all, claims were withdrawn. Until the "action" is dismissed, nothing is "final."

9

> Rule 41(a) may not be employed to dismiss fewer than all of the claims against any particular defendant. This is because a voluntary dismissal under Rule 41(a)(1) or (2) terminates an *action*, which means the totality of all component *claims*, i.e., legal causes of action, asserted against a single defendant. This interpretation is usually justified by resort to textual interpretation: while the dismissal provisions of Rule 41(a) speak only of an 'action,' Rule 41(b) specifically distinguishes between 'an action or any claim' and permits the involuntary dismissal of either one.

8-41 MOORE'S FED. PRACTICE - CIVIL § 41.21[1] (citing *Albrecht v. Opler*, No. 92 C 5158, 1993 U.S. Dist. LEXIS 11633, at *40–41 (N.D. Ill. Aug. 20, 1993) (citing MOORE's and holding party's attempt to voluntarily dismiss some but not all claims against a party in a response to a motion to dismiss should be construed as a request to amend the pleading, because voluntary dismissal only applies to actions); *Loutfy v. R.R. Donnelley & Sons, Co.*, 148 F.R.D. 599, 602 (N.D. Ill. 1993) (holding a motion to withdraw fewer than all claims against a party is treated as a Rule 15(a) motion to amend the complaint, and not a Rule 41(a) motion, because it would not dismiss the "action"). Caterpillar's position that Plaintiff's response to its motion to dismiss was the "final" order, judgment, or proceeding is thus incorrect, and there was no "final" judgment until November 30, 2012 when the Court dismissed the "action."

### III.    The Court May Grant Relief Under Rule 60(b)(6).

Caterpillar contends the Court may not grant relief under Rule 60(b)(6), analogizing this case to the circumstances in *Provident Savings Bank v. Popovich*, 71 F.3d 696 (7th Cir. 1995). (ECF #40 at 8). But Caterpillar does not explain why that case applies. In Provident, a bank sued a business and its owner, Popovich, for default on a note. *Id.* at 697. Popovich defended the lawsuit pro se, but did not contest the merits of the claim. Id. He only contested whether the offset to the amount of debt balance should be based on the foreclosure sale, or the underlying asset's fair market value. *Id.* After the district court entered judgment and awarded attorneys' fees, Popovich moved for relief under Rule 60(b)(6), seeking to defend the merits of the debt.

*Id.* Popovich's argument was that he was a pro se litigant, "duped by Provident's counsel." *Id.* at 700. The Seventh Circuit held it was not an abuse of discretion for the district court to deny Popovich's Rule 60(b)(6) motion because Popovich chose to proceed pro se and chose not to contest the merits. *Id.*

Stewart's case, however, is remarkably different, and not characterized by any "carelessness" or "lack of due care." She filed a complaint, attaching numerous exhibits, all showing her administrative contest to the reduction in her pension payment. Caterpillar moved to dismiss preempted legal theories, and Plaintiff voluntarily withdrew those legal theories, though did not change the substance of her allegations or the substance of the exhibits to the complaint. Rather than seeking to amend the complaint amid briefing the motion to dismiss her claim under § 1132(a)(3), Plaintiff completed the briefing, preventing the need to brief the same issue twice. Upon Caterpillar's misleading insistence, relying on outdated case law, the Court dismissed the complaint with prejudice. Plaintiff took prompt action in filing a timely notice of appeal. She could have at that time filed a Rule 59 motion, but there is nothing "careless" about taking prompt alternative action under the rules. Nor does this case present any deliberate inaction such as that present in *Popovich*.

Instead, the case is much more similar to LeBlanc v. Cleveland, 248 F.3d 95, 100 (2d Cir. 2001), as extensively analogized to in Plaintiff's Memorandum. (ECF #33 at 10–13). As the Second Circuit explained there, having the ability to have avoided the present circumstances does not automatically preclude relief where the movant nevertheless acted reasonably, and a "defective choice" is not equivalent to "carelessness" or "lack of due care." *LeBlanc*, 248 F.3d at 98. It would have consumed more judicial resources if Plaintiff moved to amend the complaint prior to the Court ruling on the motion to dismiss, because the parties would have then briefed

11

the motion with respect to the § 1132(a)(3) claim twice. Like in *LeBlanc*, it was reasonable to await the Court's decision before proceeding. Plaintiff's response to the motion to dismiss argued why under § 1132(a)(1)(B) the entire complaint should not be dismissed with prejudice. The Court nevertheless dismissed the entire complaint with prejudice. Since that order, Plaintiff consistently has taken timely action.

Caterpillar's attempt to characterize Plaintiff's Rule 60(b)(6) argument as a mere "rehash" of excusable neglect similarly fails. In *Pioneer*, the Supreme Court outlined that Rule 60(b)(6) and relief for "excusable neglect" under Rule 60(b)(1) are mutually exclusive, explicitly concerned that parties would use Rule 60(b)(6) for excusable neglect when more than one year had passed since the final order. 507 U.S. at 393. Whether Rule 60(b)(1) or (6) relief is appropriate thus will turn on whether there was any neglect. If there was neglect, which did not amount to a wholesale flouting deadlines or ignoring the case, the Court should grant relief under Rule 60(b)(1), because as demonstrated above, Caterpillar provided no meaningful opposition to the factor analysis of whether the neglect is excusable. But if there is no neglect on Plaintiff's behalf, then there is no bar to Rule 60(b)(6) relief.

## CONCLUSION

For the above stated reasons, and those outlined in Plaintiff's motion and memorandum in support thereof, Plaintiff Karen Stewart requests this Court grant her Rule 60(b) motion for relief from the Court's November 30, 2012 final order, and grant her Rule 15 motion to amend the complaint to explicitly seek benefits due under the terms of her plan from the Caterpillar, Inc. Non-Contributory Pension Plan.

Respectfully Submitted,

By:     /s/ Michael Bartolic_____

Attorney for the Plaintiff
Michael Bartolic
The Law Offices of Michael Bartolic, LLC
29 S. LaSalle Street
Suite 1120
Chicago, Illinois 60603
Tel: 312-635-1600
Fax: 312-635-1601
ARDC #6285708

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on January 27, 2014, a copy of the foregoing was served by operation of the Court's electronic filing systems upon the following counsel of record:

Mark Casciari
Ada Dolph
Seyfarth Shaw LLP
131 S. Dearborn Street
Suite 2400
Chicago, IL 60603

/s/ Michael Bartolic_____

Michael Bartolic
The Law Offices of Michael Bartolic, LLC
29 S. LaSalle Street
Suite 1120
Chicago, Illinois 60603
Tel: 312-635-1600
Fax: 312-635-1601

13

**<u>UNREPORTED DECISIONS</u>**