IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN J. STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 12 C 5328 |
| v. ) | |
| ) | Magistrate Judge |
| CATERPILLAR, INC., ) | Maria Valdez |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Karen J. Stewart's Combined Rule 60(b) Motion for Relief from a Final Judgment and Rule 15 Motion to Amend the Complaint [Doc. No. 32]. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND

Plaintiff's complaint alleged that Defendant breached its fiduciary duty to her, in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1104(a)(1). Caterpillar, the former employer of Plaintiff's ex-husband, administered a pension benefit plan in which Plaintiff had an interest following her divorce. Plaintiff claimed that Defendant misstated the amount of her ex-husband's pension before she signed pension election authorization forms. After receiving monthly benefits of $1,225.17 for over three years, Caterpillar informed her that the original amount was calculated using an incorrect actuarial reduction factor, and thus she had been receiving an overpayment of $1,058.32 per month. Plaintiff's

complaint sought to reinstate the original amount of benefits based on the theory that Defendant's miscalculation was an affirmative misrepresentation, on which Plaintiff reasonably relied when purchasing a home and deciding to forego further education and training. On November 30, 2012, this Court granted Defendant's motion to dismiss the complaint with prejudice because it alleged facts demonstrating that Plaintiff's claim under 29 U.S.C. § 1104 was time-barred as a matter of law.[1] *See Stewart v. Caterpillar, Inc.*, No. 12 C 5328, 2012 WL 6019287, at * 2-3 (N.D. Ill. Nov. 30, 2012).

Plaintiff filed a notice of appeal of that decision on December 31, 2012.[2] On September 20, 2013, before any appellate briefing had occurred, Plaintiff's motion to voluntarily dismiss the appeal was granted. She then filed the present motion on November 29, 2013, within one year of the original judgment.

Plaintiff argues that this motion is not an effort to seek another bite of the apple in relation to her breach of fiduciary duty claim. Instead, she contends that she is seeking judicial review of Caterpillar's underlying determination that its original calculation of benefits due was incorrect. According to the proposed amended complaint, the original calculation *was* correct, and there should not have been an actuarial reduction to her benefits. She therefore seeks relief for benefits

---

[1] In her response to the motion to dismiss, Plaintiff voluntarily dismissed three state law claims for breach of contract, negligence, and negligent infliction of emotional distress. *See Stewart v. Caterpillar*, No. 12 C 5328, 2012 WL 6019287, at *1 n.1 (N.D. Ill. Nov. 30, 2012).

[2] Plaintiff did not file a motion to extend the time for filing her notice of appeal. *See* Fed. R. App. P. 4(a)(5).

due under the pension plan pursuant to 29 U.S.C. § 1132, which provides that a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[3] 29 U.S.C. § 1132(a)(1)(B). The proposed complaint also includes a common law cause of action for estoppel and adds the plan as a defendant.

## **DISCUSSION**

A party may be relieved from a final judgment due to "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The Seventh Circuit has "characterized the district court's considerable latitude in making its decision [on a Rule 60(b) motion] as 'discretion piled on discretion.'" *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (citation omitted). Plaintiff's motion argues that she should be relieved from the dismissal of her complaint with prejudice due to mistake, excusable neglect, and also pursuant to the "catch-all" provision in subsection (6).

---

[3] In *dicta*, this Court explained that the statute of limitations for a claim under 29 U.S.C. § 1132 is ten years. *See Stewart*, 2012 WL 6019287, at *3 n.5.

## A. Mistake

Plaintiff first argues that her Rule 60 motion should be granted due to mistakes made by the Court in dismissing the action with prejudice, without leave to replead.[4] Plaintiff does not contest the Court's determination that the breach of fiduciary claim (the only claim not voluntarily dismissed) was time-barred, nor does she allege that a curative amendment could have salvaged that claim. *See Sroga v. De Jesus*, No. 12 C 9288, 2013 WL 2422869, at *7 (N.D. Ill. June 3, 2013) (explaining that time-barred claims should be dismissed with prejudice because they "cannot be cured by repleading"). The Court's alleged mistake was in not recognizing that certain allegations in the breach of contract section, along with statements in attached exhibits, could have supported a claim under 29 U.S.C. § 1132. Because the deficiency was "one of form, and not of substance," she should have been allowed to amend the complaint to clarify that the breach of contract relief was brought pursuant to 29 U.S.C. § 1132(a)(1)(B). (Pl.'s Mem. at 1-2.)

Plaintiff states that in her (voluntarily dismissed) breach of contract claim, she alleged that she received benefits pursuant to contractual terms. Moreover, in her prayer for relief under the breach of contract claim, she sought retroactive benefits as previously calculated, a declaration that she continue to receive benefits

---

[4] Plaintiff also alleges that a mistake was made by her prior counsel, who "appears to have mistakenly believed he properly presented a benefit claim when he responded to the motion to dismiss arguing under § 1132(a)(1)(B), though the complaint did not specify it sought relief under that section." (Pl.'s Mem. at 6.) Any mistakes or failures on the part of Plaintiff's attorney, however, are more appropriately discussed *infra* in relation to her claim of excusable neglect.

as previously calculated, and prejudgment interest on the past-due benefits. In her administrative appeal documents, attached as exhibits to the complaint, she asserted that she was eligible to receive the contractual benefits previously agreed to. Therefore, according to Plaintiff, the "complaint clearly alleged that Caterpillar's recalculation of benefits in 2009 was contrary to the terms of the plan, and she requested relief of benefits due, the proper vehicle for which is § 1132(a)(1)(B)." (Pl.'s Mem. at 3.) She argues that she should be allowed to reinstate the case and amend the complaint "because the exhibits, which trump the allegations, indicated she sought to enforce her rights under the Plan," (Pl.'s Mem. at 4), and "when written instruments attached to a complaint are inconsistent with the text of the allegations in the complaint, the documents attached control for purposes of dismissal under Rule 12(b)(6)," (Pl.'s Mem. at 6). The case Plaintiff cites for this proposition, however, held merely that a court need not credit unsupported allegations in a complaint when they are negated by exhibits. *See N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998) (explaining that "'[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment'") (citation omitted).

Plaintiff's reliance on *McDonald v. Household, Int'l, Inc.*, 425 F.3d 424 (7th Cir. 2005) is also misplaced. In that case, the Seventh Circuit held that a complaint alleging only state law claims should not be dismissed on a Rule 12(b)(6) motion based on preemption, when the complaint alleges sufficient facts to support an

5

ERISA claim. *Id.* at 429-30. Plaintiff has not established that the Court should have cobbled together a series of allegations from a dismissed count and attached exhibits, identified a potential § 1132 claim, and then allowed her to amend the complaint in order to "clarify" that new claim. *See Graue Mill Dev't Corp. v. Colonial Bank & Tr. Co.*, 927 F.2d 988, 991 n.1 (7th Cir. 1991) (refusing to consider, in an appeal of a motion to dismiss, other terms in an attached agreement that allegedly violated a statute when those provisions were not challenged in the complaint). This is particularly true when the § 1132 allegations Plaintiff alleges the Court should have gleaned from the complaint are directly contrary to the allegations of misrepresentation in the only cause of action at issue in the motion to dismiss.

Moreover, even if the Court had made a mistake of law in dismissing the complaint without leave to replead, the proper procedural avenue for addressing that issue was an appeal, not a Rule 60(b) motion. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) ("If [Plaintiff] wanted to contest the validity of the district judge's decision – either on the merits or on the ground that [s]he should have been allowed to replead – [s]he had to appeal."); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("'If plaintiff believed the district court was mistaken as a matter of law in dismissing the original complaint, he should have appealed . . . or he might have filed a timely motion under [Rule] 59 to vacate the judgment of dismissal and for leave to amend his complaint.'") (citation omitted); *see also Stoller v. Pure Fishing Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) ("A

6

Rule 60(b) motion is not a substitute for appeal, and thus [Plaintiff's] attempt to use it as such was appropriately rejected."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("To allow a ground that can be adequately presented in a direct appeal to be made the basis of a collateral attack would open the door to untimely appeals . . . . The losing party could reserve the ground until he had presented it unsuccessfully to the district court in the form of a Rule 60(b) motion.").

B.  **Excusable Neglect**

Plaintiff next argues that the motion should be granted because prior counsel's failure to move to amend the complaint or to seek a reconsideration under Rule 59 amounted to excusable neglect. Factors relevant to the equitable determination of whether neglect is excusable include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395-97 (1993) (explaining further that "clients must be held accountable for the acts and omissions of their attorneys" and thus the focus must be on the neglect of both litigants and their counsel); *see Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 405 (7th Cir. 2011) ("The stronger the excuse and the graver the adverse consequences of rejecting it relative to the adverse consequences to the opposing party if the excuse is allowed, the more the balance leans toward granting."); *see also United States v. Cates*, 716 F.3d 445, 448 (7th Cir.

2013) (noting that *Pioneer*, which involved bankruptcy rules, "applies whenever 'excusable neglect' appears in the federal procedural rules").

Plaintiff contends that neither Caterpillar nor the plan has suffered any prejudice as a result of Plaintiff's neglect, because they have not been paying her the higher amounts she claims are due her. Additionally, there has been no impact on the judicial proceedings because "[t]here has been no further development of the lawsuit at the district court level." (Pl.'s Mem. at 8.) Setting aside the fact that Defendant is now forced to litigate a closed case, "[t]he word 'excusable' would be read out of the rule if inexcusable neglect were transmuted into excusable neglect by a mere absence of harm." *Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (U.S. 1962) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant."); *Eskridge v. Cook County*, 577 F.3d 806, 810 (7th Cir. 2009) ("Indeed, reinstating the [plaintiffs'] lawsuit under Rule 60(b) would only shift the burden of their counsel's error to the district court and the defendant.").

Plaintiff acknowledges that the reason for the delay does not work in her favor, as it was caused by prior counsel's relative unfamiliarity with ERISA law. Nevertheless, she feels this factor is outweighed by the others. Plaintiff is correct that this factor weighs heavily against her. Counsel's unfamiliarity with the

8

relevant area of law does not give Plaintiff free rein to disregard the federal rules: "If the lawyer's neglect protected the client from ill consequences, neglect would be all too common. It would be a free good." *Tango Music, LLC v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003); *see Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007) ("Attorneys' actions are imputed to their clients, even when those actions cause substantial harm. A litigant bears the risk of errors made by his chosen agent."). Plaintiff offers no real excuse for the delay, even admitting that "[h]er lawyer could have and should have sought to amend the complaint sooner to properly pursue the case under § 1132(a)(1)(B) . . . ." (Pl.'s Mem. at 9.) Ineffective assistance of prior counsel is not a proper basis for a Rule 60(b) motion. *See Bell v. Eastman Kodak Co.*, 214 F.3d 798, 802 (7th Cir. 2000); *Medrad, Inc. v. Sprite Dev't, LLC*, No. 08 C 5088, 2012 WL 1520706, at *3 (N.D. Ill. Apr. 30, 2012) (collecting cases "holding that an attorney's negligence, gross negligence, or wilful misconduct does not constitute grounds for relief under Rule 60(b)"); *see also Huerth v. Pressman*, No. 10 C 5049, 2014 WL 688074, at *2 (N.D. Ill. Feb. 21, 2014) (quoting *Lobrow v. Vill. of Port Barrington*, 406 Fed. Appx. 60, 61 (7th Cir. 2010)) ("'[E]ven if we assume that retained counsel had dropped the ball, a lawyer's inattentiveness to litigation is generally not excusable – and thus not a basis for relief under Rule 60(b) – no matter the consequences to the litigant or the attorney's degree of culpability.'").

Plaintiff contends that the final factor, whether she has acted in good faith, weighs heavily in her favor because: (1) her administrative appeals of the benefit determination were submitted timely; (2) she filed a timely complaint and dismissed her state law theories as soon as Defendant moved to dismiss them on state law grounds, thus saving the cost of a reply; and (3) she voluntarily dismissed her appeal after retaining new counsel, preventing Caterpillar from having to further litigate the breach of duty. The Court does not doubt that Plaintiff did not act in bad faith when she failed to amend the complaint or file a Rule 59 motion, but that alone does not merit reopening the case.[5] *See Raymond v. Ameritech Corp.*, 442 F.3d 600, 607 (7th Cir. 2006) ("'[T]he district court need not show repeated, wilful and recalcitrant conduct' to enforce its deadlines.") (citation omitted).

## C.   Catch-All Provision

Plaintiff finally argues that even if the delay is not excused, her motion should be granted based on the "catch-all" provision in Rule 60(b), which provides that a party may be relieved of a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). According to Plaintiff, if her motion is not granted, she will be left without a remedy, because the plan would argue *res judicata* applies to any subsequent lawsuit she might file.

---

[5] The Court also notes that the complaint was not timely filed, and it is not necessarily a show of good faith to dismiss claims after a defendant goes to the expense of filing a motion to dismiss those claims based on well-settled law. Similarly, deciding to forego an appeal of a dismissed claim that Plaintiff has since disavowed, especially when the notice of appeal may have been belatedly filed, does not weigh heavily in her favor.

The Court need not reach the merits of Plaintiff's argument related to this subsection, because it does not apply to this case. "Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive. . . . Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available." *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989). Plaintiff's arguments (mistake and excusable neglect) expressly invoke Rule 60(b)(1), and an attorney's neglect is properly analyzed under that subsection. *See Brandon v. Chi. Bd. of Educ.*, 143 F.3d 293, 295-96 (7th Cir. 1998); *see also Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013) ("To prevent parties from using the subsection (6) catch-all to circumvent the one-year limit on relief under subsections (1) through (3), courts read the Rule 60(b) subsections to be 'mutually exclusive,' meaning if relief is available under a more specific subsection, it is not available under subsection (6)."); *Thomas v. Acevedo*, No. 12 C 10329, 2013 WL 4506933, at *1 (N.D. Ill. Aug. 23, 2013) ("[T]he cases are legion that teach Rule 60(b)(6) is not intended to be a catchall escape hatch, available to rescue a party who . . . has expressly failed one of the specific grounds for relief set out in Rule 60(b)(1).").

## CONCLUSION

For the foregoing reasons, Plaintiff Karen J. Stewart's Combined Rule 60(b) Motion for Relief from a Final Judgment and Rule 15 Motion to Amend the Complaint [Doc. No. 32] is denied.


**SO ORDERED.**  ENTERED:

**DATE:  April 17, 2014**

                                                   _____
                                                   **HON. MARIA VALDEZ**
                                                   **United States Magistrate Judge**